UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ADVANCED COMMUNICATIONS TECHNOLOGIES,
INC.,

                Plaintiff,

  - against -

THEODORE S. LI, and HUI CYNTHIA LEE,

                Defendants.

------------------------------------------X

05 Civ. 4628 (RWS)

O P I N I O N

A P P E A R A N C E S:

Attorneys for Plaintiff:

    HARGRAVES McCONNELL & COSTIGAN, P.C.
    420 Lexington Avenue
    New York, NY 10170
    By:  JOHN P. McCONNELL, ESQ.
         Of Counsel

    ECKERT SEAMANS CHERIN & MELLOTT, LLC
    1515 Market Street, 9th Floor
    Philadelphia, PA 19102
    By:  JOHN F. O'RIORDAN, ESQ.
         Of Counsel

Attorneys for Defendants:

    JOHNSON & CONWAY, LLP
    18 Sycamore Avenue
    Ho-Ho-Kus, NJ 07423
    By:  WILLIAM J. CONWAY, ESQ.
         Of Counsel

12/1/05

Sweet, D.J.,

Defendants Theodore S. Li ("Li") and Hui Cynthia Lee ("Lee") (collectively, the "Defendants") have moved under Rules 12(e) and 9(b), Fed. R. Civ. P., for a more definite statement of the claims asserted in the complaint of plaintiff Advanced Communications Technologies, Inc. ("ACT"). For the reasons set forth below, the motion is denied.

**Prior Proceedings**

ACT filed its complaint on May 11, 2005, alleging four causes of action against the Defendants: (1) a violation of Section 10(b) of the Securities Exchange Act of 1934 ("Securities Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10(b)5 (Complt. ¶¶ 31-37), (2) fraudulent inducement (Complt. ¶¶ 38-43), (3) breach of contract (Complt. ¶¶ 44-51), and (4) fraud and deceit (Complt. ¶¶ 52-56). These causes of action are alleged to have arisen out of representations made by the Defendants in connection with the sale of their stock interest in Pacific Magnetron International Corp. ("PMIC") to ACT on December 30, 2004 for $500,000. The parties had entered into a Stock Purchase Agreement dated December 10, 2004, which contained certain warranties with respect to undisclosed liabilities, adverse changes, and material adverse effect, among others. Li was the Chief Executive Officer and Chief Financial Officer, Lee was its Executive Vice President (Complt. ¶ 21). According to the

1

complaint, the warranties were violated, false representations were made and PMIC's deteriorating finances were concealed resulting in the bankruptcy of PMIC four months after the date of the Stock Purchase Agreement.

The instant motion was marked fully submitted on August 10, 2005.

**The Use Of The Term "Defendants" Is Appropriate**

Virtually all of the allegations concern deceptive statements or omissions relating to representations and warranties in the parties' Stock Purchase Agreement -- a document signed by both Li and Lee. The reference to "Defendants" in the complaint is based upon the allegation that Li and Lee each made identical representations and warranties to ACT, including representations and warranties regarding the absence of material adverse changes in the financial condition of the company relative to regulatory filings for periods prior to the December 30, 2004 closing.

Aside from contending that they cannot tell which one of the two defendants is properly the subject of the plural term "Defendants," the Defendants do not argue that the pleading is defective in identification of the time, place or the manner in which particular statements or omissions are fraudulent nor do Defendants list any additional detail required in order to permit

them to answer. The latter information is required under Rule 12(e). <u>Pits, Ltd. v. American Express Bank International</u>, 911 F. Supp. 710, 720 (S.D.N.Y. 1996).

The Circuit has long recognized that reference to documents, such as the Stock Purchase Agreement at issue here (Complt. ¶ 11), satisfies the Rule 9(b) requirements in relation to identification of the statement or omission, the responsible party, the place and the time of the statement or omission. See <u>Quaknine v. McFarlane</u>, 897 F.2d 75, 80 ("We have held that reference to an offering memorandum satisfied 9(b)'s requirement of identifying time, place, speaker and content of representation where, as here, defendants are insiders or affiliates participating in the offer of securities."). Defendants' status as "insiders" for purposes of the transaction is also clear on the face of the complaint (<u>see</u> ¶ 8, (alleging Defendants' shareholdings prior to the Stock Purchase Agreement), ¶ 11 (alleging sale of securities pursuant to Stock Purchase Agreement) and, ¶ 21 (alleging Li's status as Chief Executive Officer and Chief Financial Officer of Pacific Magnetron International Corp. and Lee's status as Executive Vice-President)).

In <u>Tagare v. NYNEX Network Sys. Co.</u>, 921 F. Supp. 1146, 1153 (S.D.N.Y. 1996), the court rejected the very argument advanced by Defendants in support of their Rule 12(e) motion:

> Plaintiff's Complaint identified the offending parties and the prohibited acts they are alleged to have commit-

3

ted. The fact that plaintiff attributes acts to "defendants" as a group does not render the Complaint so vague and ambiguous as to be unintelligible. The defendants have been given fair notice of the claims against them, and nothing prevents them from formulating a responsive pleasing.

Defendants argue that the Complaint is "replete with allegations against 'defendants' which could be particularized." Defs.' Motion to Dismiss the Compl., at 28. Defendants' reliance on Bower is misplaced. In Bower, plaintiff employed the term "defendant" without specifying which of the three defendants was being identified. Bower, 639 F. Supp. at 538. The court granted the motion for a more particular statement on the ground that a defendant could not effectively respond to the complaint unless it knew which claims plaintiff was asserting against it. Id. There is no such ambiguity in Tagare's Complaint. The Complaint at no point refers to a "defendant" without identifying which of nine defendants is being referred to. When plaintiff employs the term "defendants" he is referring to all of the defendants named in the Complaint. We see no reason why defendants are unable to formulate a responsive pleading just because plaintiff refers to all of the defendants as parties responsible for committing the alleged acts.

In addition, the complaint explicitly defines the term "Defendants" to include both defendants Li and Lee -- after defining each defendant individually as "Mr. Li" and Ms. Lee," respectively. In In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 1:00-189, 2005 WL 1123888, *2 (S.D.N.Y. May 11, 2005), the court held that a definition of the term "Defendants" in the pleading eliminated any potential for confusion which Defendants might otherwise have claimed:

> Here, Suffolk specifically defined the term "Defendants" to mean all defendants, giving GOLP sufficient notice that every time the term is used, it applies to GOLP. (citation omitted). When plaintiffs intended to refer to individual defendants, they did so by using modifiers --

4

e.g., "Defendant Chevron" (citation omitted) and "Defendant Arco." (citation omitted). While Suffolk did identify which claims and allegations apply to which defendants, a failure to do so would not require a more definite statement if GOLP was clearly notified of the nature of Suffolk's claims.

The definition of the term "Defendants" in its opening paragraph of the complaint is adequate to defeat Defendants' motion.

**The Rule 12(e) Motion Is Denied**

Fed. R. Civ. P. 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

The rule requires that the motion should not be granted "unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Bower v. Weisman, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) (quoting Boothe v. TRW Credit Data, 523 F. Supp. 631, 635 (S.D.N.Y. 1981)).

> Rule 12(e) allows a party to move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." [footnote omitted]. The Rule "is designed to remedy unintelligible pleadings, not to correct for lack of detail." [footnote omitted]. "A motion pursuant to Rule

5

12(e) should not be granted 'unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" [footnote omitted]. Motions for a more definite statement are generally disfavored because of their dilatory effect.

The Defendants cite a single decision out of the Sixth Circuit in support of their assertion that a Rule 12(e) motion is appropriate under the circumstances. See Coffey v. Foamex, L.P., 2 F. 3d 157, 162 (6th Cir. 1993). Although Coffey makes passing reference to Rule 12(e), it does not stand for the proposition advanced by ACT. Coffey states "Nonetheless, despite the plaintiffs' failure to satisfy the requirements of Rule 9(b), in the absence of defendants' motion for a more definite statement under Rule 12(e), dismissal on that basis alone would not be appropriate."

Rule 12(e) is not a vehicle to advance objections, which cannot support a Rule 12(b)(6) motion, in order to defer a defendant's time to answer and delay the progress of the action. In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 1:00-189, 2005 WL 1500893 (S.D.N.Y. June 24, 2005).

**Conclusion**

The complaint has adequately advised the Defendants of its allegations to enable them to move or answer.

6

For the reasons set forth above, the motion of Li and Lee is denied.

It is so ordered.

New York, NY
November 3, 2005

ROBERT W. SWEET
U.S.D.J.

7